UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:23-cr-00150-JCM-EJY |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| JOSHUA AARON JAMES, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Compel Disclosure of Confidential Informants. ECF No. 72. The Motion was referred to the undersigned on June 14, 2024. After review of the Motion, the Government's Response (ECF No. 76), and Defendant's Reply (ECF No. 78), the Court grants in part and denies in part Defendant's discovery requests.

**I.  Background**

Defendant is charged in a ten count superseding Indictment (the "Indictment"). ECF No. 64. There appears to be no dispute that two confidential informants (sometimes the "CIs" or "Informants") participated in activities leading to Counts One through Five in the Indictment. ECF No. 72 at 3; 76 (generally). In October 2023, defense counsel communicated in writing with the assigned Assistant U.S. Attorney requesting production of eleven items, ten of which pertained to the Informants. ECF Nos. 72 at 4; 76 at 2. Defendant's original request included: (1) "Any and all agreements allowing the CIs to purchase and possess firearms"; (2) "Any and all agreements allowing the CIs to participate in undercover operations"; (3) "Any and all agreements for the CIss [sic] cooperation with respect to this case"; (4) "Any drug testing done of the CIs during … [their] cooperation"; (5) "Any and all polygraph done of the CIs"; (6) "Any documentation or warnings given to the CIs dealing with … [their] veracity or lack thereof"; (7) "Prior use of the CIs in any capacity by law enforcement"; (8) "The LVMPD's and ATF's policy regarding the handling of confidential sources and entrapment"; (9) "The entire CI files, including criminal history and reason

1

for participating"; and (10) "Any violations the CIs had of … [their] agreements during this operation." *Id*.

The Motion to Compel is prompted by a disagreement over when and what the Government will produce. With respect to timing, the Government agreed to produce additional "CI information" "at the appropriate time … thirty days before trial." ECF No. 76 at 4-5. The Government points to the current trial date of September 9, 2024, which logically renders the Government's intended disclosure date as August 9, 2024, approximately seven weeks away. With respect to what the Government will not produce, it appears the dispute is limited to "evidence to impeach" the CIs, any agreements between the CIs and the Government, and information regarding prior use of the CIs by law enforcement to the extent the "prior use" pertains to unrelated cases. *Id*.

Again, there is no dispute regarding the Informants' involvement in activity leading to five of the ten charges levied against Defendant. That is, the Government takes no issue with Defendant's assertion to this effect. *Id*. And, the Government says nothing refuting the proposition that the CIs will testify, which renders background information about each CI relevant and potentially helpful to the defense. *Id*. It is also worth noting the Government states Defendant knows the identities of the CIs as audio recordings of some transactions were made and produced to Defendant (*id*. at 2)—a proposition Defendant does not contest in his Reply. ECF No. 78.

While Defendant does not offer specific defenses he may mount, in his Reply Defendant says "CI-1 provided information to … [Defendant] that led him to the location of the stolen firearms which resulted in the undercover buys of those stolen firearms." *Id*. at 4. The Court interprets this statement as suggesting a potential entrapment defense. *Id*. at 4. Defendant also offers that CI-1 may have communicated with Defendant "prior to the relevant dates alleged in Counts One through Five" of the Indictment arguing this provides support for disclosures of "the CIs' files … so that the defense can further investigate." *Id*. at 4 n.3.

**II.  Discussion**

  a.   <u>Applicable Law</u>.

The Government has a limited privilege to withhold the identities of confidential informants. *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000) (citing *Roviaro v. United States*, 353

U.S. 53, 59-61 (1957)).  This privilege serves several important law enforcement objectives including encouraging citizens to supply the Government with information concerning crimes.  *Id.*; *see also McCray v. Illinois*, 386 U.S. 300, 308-09 (1967); *United States v. Vargas*, 931 F.2d 112, 115 (1st Cir. 1991).  "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."  *United States v. Sai Keung Wong*, 886 F.2d 252, 255 (9th Cir. 1989) (quoting *Roviaro*, 353 U.S. at 60-61).

To obtain disclosure, a defendant must show a need for the information, *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993) (citing *Sai Keung Wong*, 886 F.2d at 256), and in doing so, must show more than a "mere suspicion" the informant has information that will prove "relevant and helpful" to his defense or that will be essential to a fair trial.  *United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993); *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990).  When determining whether to grant a motion for disclosure, a district court must balance the interests of defendant and the Government considering "the public interest in protecting the flow of information against the individual's right to prepare his defense."  *Roviaro*, 353 U.S. at 62.  Whether a proper balance renders nondisclosure erroneous depends on the particular circumstances of each case taking into account the crime charged, the possible defenses, and the possible significance of the informant's testimony.  *Roviaro*, 353 U.S. at 62.  Indeed, there is "no fixed rule with respect to disclosures."  *Id*.  For example, "a defendant is not automatically entitled to information about other investigations or cases in which the confidential informant has provided information or has testified."  *United States v. Bararia*, Case No. 2:12-cr-236-APG-GWF, 2013 WL 3353343, at *9 (D. Nev. July 2, 2013).  In the absence of a "specific showing that any informant's conduct in another case is relevant or material to this case" the Court may find production of information about the informant's involvement in other investigations unwarranted.  *Id*.

As recently confirmed, "in order to compel discovery under Rule 16 [of the Federal Rules of Criminal Procedure], the defendant must make a 'threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense.'"  *United States v. Ward*, Case No. 4:19-cr-00101-DCN, 2021 WL 738825,

at *2 (D. Id. Feb. 25, 2021) *quoting United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010) (additional citations omitted). "Generally speaking, evidence is material under Rule 16 if it is relevant to the development of a possible defense." *Id*. *citing United States v. Budziak*, 697 F.3d 1105, 1111 (9th Cir. 2012). Defendants "must allege 'specific facts, beyond allegations, relating to materiality." *Id*. *quoting United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995).

> Moreover, the Government has an obligation to provide exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). Impeachment evidence is exculpatory evidence within the meaning of *Brady*. *United States v. Giglio*, 405 U.S. 150, 154 (1972). "*Brady/Giglio* information includes 'material … that bears on the credibility of a significant witness in the case.'" *United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004) (quoting *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1461 (9th Cir. 1993)). As such, the government is required to disclose promises, inducements, or threats made to a witness to gain cooperation in the investigation or prosecution of a case. *Giglio*, 405 U.S. at 155.

*Id*. at *3. In sum, it is the defendant's burden to demonstrate an "informant has information which will prove relevant and helpful or will be essential to a fair trial." *Amador-Galvan*, 9 F.3d at 1417 (internal citation omitted).

        b.    <u>Production by the Government Thirty Days Before Trial</u>.

The Government originally objected to Defendant's requested production as premature when that request was made on October 18, 2023, and the trial in the matter was set for January 22, 2024. ECF No. 76 at 2. The production, the Government said, would be made thirty days before trial. *Id*. at 2, 5. The Government concluded production thirty days before trial effects the protection of information and Defendant's right to prepare his defense. *Id*. at 5. Other than this conclusory sentence, the Government cites, at *id*., *United States v. Napier*, 436 F.3d 1133, 1139 (9th Cir. 2006), which says nothing about the timing of disclosures.

Defendant argues disclosing information only thirty days before trial will prevent him "from meaningfully investigating the information, filing any pretrial motions, and assessing available defenses." ECF No. 78 at 3. Defendant offers no case law specific to when disclosures such as he requests here should be or are typically made. *See* ECF No. 72.

The Court's review of case law regarding the timing of disclosures pertaining to confidential informants appears at times to focus on the safety of those informants. *See*, for example, *United States v. Avalos*, 753 F.Supp. 871, 872 (D. Ore. 1991). Other courts have not mentioned safety

4

specifically, but found relatively short amounts of time pre-trial sufficient to meet the requirements established in *Roviaro*. *United States v. Celestine*, Case No. 3:09-CR-065-JWS-JDR, 2010 WL 489699, at *3 (D. Alaska Feb. 4, 2010) (finding "three business days" before trial sufficient to allow defendant time to investigate the background of confidential informants); *United States v. Howard*, Case No. 5:12-CR-9-D, 2012 WL 2525625, at *4 (E.D.N.C. June 29, 2012) (approving the disclosure of four confidential informants five business days before trial did not impede the defendant's "right to prepare his defense and simultaneously protects the public interest in effective law enforcement.") (internal quote marks and citation omitted). In one case outside of the Ninth Circuit, the district court concluded "disclosing the identities of confidential informants 30 days before trial is common practice." *United States v. Wortham*, Case No. 14-CR-84, 2014 WL 5431110, at *2 (E.D. Wis. Oct. 24, 2014) *citing United States v. Bond*, Case No. 10-CR-117, 2010 WL 6749142 (E.D. Wis. Dec. 6, 2010); *United States v. Mathis*, Case No. 09-CR-254, 2010 WL 1507881 (E.D. Wis. Apr. 14, 2010).

Here, the Government states, and Defendant does not dispute, that Defendant knows who the informants are based on audio recordings previously provided. Hence, there is nothing before the Court suggesting disclosure of additional information more than thirty days before trial would increase risk to the Informants' safety. Nonetheless, Defendant offers no specifics (only conclusory statements that such timing will deprive him of a meaningful opportunity to prepare for his defense) regarding why thirty days pre-trial is an insufficient amount of time to review what is disclosed and gather additional information if any is necessary to prepare for trial. Defendant's citation to the Department of Justice Manual confirms information including the "entire informant/source file[s]" must be reviewed for discoverability, but the citation says nothing about timing. ECF No. 72 at 6.

After careful review of the case law, the underlying information provided regarding this case, the arguments presented, and balancing the public interest in protecting the flow of information against Defendant's right to prepare his defense, the Court finds Defendant fails to support the conclusion that disclosure of additional discovery regarding the Informants thirty days before trial is insufficient to permit Defendant's review and investigation in preparation for his defense and trial. The burden is on Defendant to demonstrate the need to produce information regarding confidential

information. Other than broad statements regarding the need to review and investigate information the Government produces, Defendant does not support his contention that thirty days is not enough time to adequately do what he needs to do. Thus, the Court finds Defendant has not met his burden with respect to the timing of the production of information and, therefore, the Court denies Defendant's Motion to Compel Disclosure of Confidential Informants to the extent it seeks disclosure more than thirty days before trial.

        c.      <u>What the Government Must Disclose</u>.

The Court begins by noting the Government does not offer any objection to Defendant's request for: (i) "Any and all agreements for the CIss [sic] cooperation with respect to this case"; (ii) "Any drug testing done of the CIs during … [their] cooperation"; (iii) "Any and all polygraph done of the CIs"; (iv) "Any documentation or warnings given to the CIs dealing with … [their] veracity or lack thereof"; or (v) "The LVMPD's and ATF's policy regarding the handling of confidential sources and entrapment." In the absence of opposition, discovery responsive to these requests must be produced no later than August 9, 2024.

The Government is disputing production of agreements allowing CIs to purchase and possess firearms and to participate in undercover operations, as well as the prior use of CIs in any capacity by law enforcement. ECF No. 76 at 6. Based on these objections, it is unclear whether the Government is also disputing production of "[t]he entire CI files, including criminal history and reason for participating" and "[a]ny violations the CIs had of his or her agreements during this operation."

The gravamen of the Government's opposition to the requested topics relies on the argument that Defendant fails to demonstrate information arising from "unrelated cases" is material to this case. A review of Defendant's Motion shows he argues the CIs were "heavily involved in the alleged criminal activity" at issue; their "testimony will be integral to the [G]overnment's burden of proof; one CI apparently has "prior violations in Chicago" that may impact his credibility; there are defenses Defendant may wish to pursue requiring advance disclosure of the CIs files; and because the CIs will likely be called as witnesses, any privilege the Government has is destroyed. ECF No. 72 at 9-10. Defendant does not proffer specific reasons why agreements between the Government

and the CIs pertaining to the CIs participation in unrelated undercover operations or the purchase or possession of firearms in unrelated matters is material to any defense in this case (including what Defendant appears to describe in his Reply as an entrapment defense). The possibility that such information may reveal something that could potentially be of assistance to Defendant is not sufficient to warrant production. *Ward*, 2021 WL 73882, at *2.

In contrast, production of any violation of the CIs' agreements with the Government during the operation leading to Defendant's Indictment are material to the Informants' credibility and are therefore material to impeachment. The same is true for information regarding criminal history and reasons for participating in the instant matter. Thus, this information must be produced. *Id.* To the extent there are agreements between either Informant and the Government that relate to the facts underlying and or inclusion of Counts One through Five in the Indictment, even if those agreements were not executed in this case—including agreements pertaining to the purchase or possession of firearms—Defendant offers sufficient bases to warrant this production. ECF No. 78 at 4; 4 at n.3. Finally, the Government's production must include promises, inducements or threats made to either Informant in an effort to gain the Informant's cooperation in the investigation and or prosecution of this case.

Other than all of the above, it is unclear what may be in the "entire" file for each confidential informant. Without more detail, the Court cannot order production or find that information need not be produced.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Compel Disclosure of Confidential Informants (ECF No. 72) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that on or before **August 9, 2024**, the Government must produce:

(i)    Any and all agreements between the Government and the CIs regarding or pertaining to their cooperation or participation in this case including, but not limited to, any agreement that relate to the purchase or possession of firearms in this case even if such firearms originated in a matter other than this case;

   (ii)  Any drug testing done of the CIs during their cooperation or participation in activities related to this case;

   (iii)  Any and all polygraphs of the CIs that relate to their cooperation or participation in this case;

   (iv)  Any documentation or warning issued to or regarding either CI dealing with his or her veracity or lack thereof, except as may be otherwise demonstrated to be protected from disclosure by law or otherwise without any material relationship to this case;

   (v)  The LVMPD's and ATF's policies regarding the handling of confidential sources and entrapment;

   (vi)  Any violation of the CIs' agreements with the Government during operations related to this case;

   (vii)  Agreements to use the Informants in cases related to the underlying operations or charges brought in this case;

   (viii)  Each Informant's criminal history and reasons for participating in the instant matter; and

   (ix)  To the extent not included in any of the above, promises, inducements or threats made to either Informant to gain the Informant's cooperation in the investigation and or prosecution of this case.

  IT IS FURTHER ORDERED that the Government need not produce (i) a history of prior use by law enforcement of either CI in unrelated cases, (ii) any and all agreements allowing the CIs to purchase and possess firearms in cases that are unrelated to Defendant's case, and (iii) any agreements pertaining to unrelated cases that allowed the CIs to participate in undercover operations.

  IT IS FURTHER ORDERED that the production of each Informant's entire CI file is DENIED without prejudice. Items other than the above that can be or are identified by Defendant,

as contained in either Informant's CI file demonstrated to be material to the preparation of his defense or generally to the preparation of his case may be sought.

Dated this 24th day of June, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE