UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JOSHUA AARON JAMES,<br><br>Defendant(s). | Case No.2:23-CR-150  JCM (EJY)<br><br>ORDER |

Presently before the court is defendant Joshua James' motion to continue the trial currently scheduled for April 21, 2025. (ECF No. 128).  The government responded in opposition. (ECF No. 129).  For the reasons stated below, the court grants James' motion and will continue the trial for 45 days.

**I.    Background**

James was arrested and charged with five counts of firearm-related felonies in August 2023.  (ECF No. 1).  The government's superseding indictment specifically charges James with the offense of Felon in Possession of a Firearm under 18 U.S.C. § 922(g)(1).  (ECF No. 62).  In May 2024, the Ninth Circuit issued a split panel decision holding § 922(g)(1) unconstitutional as to nonviolent offenders.  *United States v. Duarte*, No. 22-50048 (9th Cir. May 9, 2024). Accordingly, James moved to dismiss the charge against him pursuant to new authority under *Duarte*, arguing the same standard applies to him.

The Ninth Circuit thereafter vacated the decision and agreed to rehear the *Duarte* case *en banc*.  *See id*. (July 17, 2024).  The parties had agreed to several prior continuances for various reasons.  In September 2024, the parties stipulated to continue trial again pending the *Duarte* decision and outcome of James' motion to dismiss.  (ECF No. 107).  The Ninth Circuit held oral

argument on December 11, 2024.  *Duarte*, No. 22-50048.  A decision is still pending.  Thus, this court has yet to rule on James' motion.

James now moves to continue trial for an additional 45 days to allow the Ninth Circuit more time to issue its decision in *Duarte*.  James argues that pre-trial clarity on the *Duarte* issue will effectuate judicial efficiency and help him decide how to proceed with the rest of his case.  The government argues that (1) the Speedy Trial Act necessitates a quick resolution to James' case, and (2) in the absence of a *Duarte* decision, the court has legitimate authority under *United States v. Vonxgay*, 594 F.3d 1111 (9th Cir. 2010) to rule on James' motion.

## II.     Legal Standard

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, requires that a criminal defendant be brought to trial within seventy days after he is charged or makes an initial appearance, whichever is later.  18 U.S.C. § 3161(c)(1).  However, under 18 U.S.C. § 3161 (h)(7)(a), the court may grant a continuance on a motion if it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" (the "ends of justice" provision).

In determining whether an "ends of justice continuance" is appropriate, a district court must consider, *inter alia*, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation; and whether the case, while not unusually complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective preparation.  *See* 18 U.S.C. § 3161(h)(7)(B).

## III.    Discussion

Having considered the parties' arguments, the court finds a continuance is appropriate under the circumstances to achieve the ends of justice.  18 U.S.C. § 3161 (h)(7)(a).  Indeed, the Ninth Circuit is actively reviewing a case that involves questions of law that this court must necessarily consider in James' motion to dismiss.  The court agrees that waiting for an *en banc* decision will allow this court to rule on James' motion with finality and potentially conserve judicial resources that may result from bringing an appeal.

The parties have also stipulated or otherwise agreed to continue trial seven times prior to this request. The government argues a further delay is unjustified, but the parties' September stipulation memorializes both parties' intent to allow the Ninth Circuit to clarify applicable law before proceeding to trial. (ECF No. 107). The court finds that denying James a continuance on the same basis that it previously granted one would result in a miscarriage of justice.

A district court has broad discretion to grant or deny a continuance. *United States v. Kloehn*, 620 F.3d 1122, 1126 (9th Cir.2010). An "ends of justice continuance…must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir.1997). James requests only a short continuance for reasons that bear on his defense. The court therefore uses its discretion to grant a 45-day continuance and allow time to consider the Ninth Circuit's decision in *Duarte* as it applies to James' pending motion to dismiss.

### IV.   Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Joshua James' motion to continue trial (ECF No. 128) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the calendar call currently scheduled for April 16, 2025, be vacated and CONTINUED to June 11, 2025, at 1:30 p.m., and the trial currently scheduled for April 21, 2025, be vacated and CONTINUED to June 16, 2025, at 9:00 a.m.

DATED April 4, 2025.

_____
UNITED STATES DISTRICT JUDGE