UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff(s),<br><br>　v.<br><br>JOSHUA AARON JAMES,<br><br>　　　　　Defendant(s). | Case No.2:23-CR-150  JCM (EJY)<br><br>ORDER |

　　　Presently before the court is defendant Joshua Aaron James' motion to dismiss Count Five of the Superseding Indictment.  (ECF No. 90).  The government filed a response (ECF No. 94), to which James replied (ECF No. 103).

　　　James is charged in a ten-count Superseding Indictment arising from events in July and August 2023.  (ECF No. 64).  The charges include engaging in the business of dealing firearms without a license, trafficking firearms, and, as relevant here, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (*Id*.).

　　　James argues that § 922(g)(1) is unconstitutional as applied to him under the Second Amendment in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 587 U.S. 1 (2022), and the vacated panel decision in *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024), vacated pending reh'g en banc, 108 F.4th 657.

　　　Since briefing on the motion concluded, the Ninth Circuit issued its en banc decision in *Duarte*, which expressly forecloses the constitutional challenge presented here.  *See United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025).  The Ninth Circuit held that § 922(g)(1) is not unconstitutional as applied to nonviolent felons and reaffirmed the constitutionality of felon-in-possession laws.  *Id*.  The court concluded that the longstanding regulation remains consistent with

the Second Amendment's historical understanding. *Id*.

James' challenge rests on the argument that his underlying felony conviction—attempted grand larceny—was nonviolent, and thus insufficient to justify permanent deprivation of the right to own a firearm. The Ninth Circuit has confirmed that it is. The court is thus compelled to deny the motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Joshua Aaron James' motion to dismiss Count Five (ECF No. 90) be, and the same hereby is, DENIED.

DATED June 30, 2025.

_____
UNITED STATES DISTRICT JUDGE