UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSHUA AARON JAMES,

Defendant.

Case No. 2:23-cr-00150-APG-EJY

**ORDER**

Pending before the Court is Defendant's Renewed Motion to Compel Disclosure of Information Related to Confidential Informant. ECF No. 179. Defendant's Renewed Motion focuses on his entrapment defense relegating the standard for compelling the disclosures he seeks to one paragraph on the last page of his Motion. *Id*. In opposition, the Government argues Defendant cannot prove an entrapment defense. ECF No. 191. The Government does not mention, let alone address, the standard applicable to Defendant's Motion to Compel. *Id*. Of course, Defendant's entrapment defense is not before the Court.

Defendant seeks the following four broad categories of information applicable to one confidential informant ("CI") known as Hollywood:

(1)     the history of all [present and prior instances where law enforcement acted upon information provided by Hollywood], including cases in which a defendant has been charged, that did not lead or has not yet led to criminal charges;

(2)     any instances in the past where Hollywood offered or provided information regarding potential criminal offenses in unrelated matters to law enforcement that did not lead to further investigation, and any reason why law enforcement declined further investigation;

(3)     benefits that Hollywood received from law enforcement, and any demands for benefits by Hollywood in exchange for his cooperation which law enforcement declined to acquiesce; and

(4)     any known instances in which Hollywood provided false or misleading information to law enforcement or otherwise violated the terms of his confidential informant or cooperation agreement with law enforcement.

ECF No. 179 at 2-3.

1

## I.    Discussion

### A.    Defendant Failed to Meet and Confer Prior to Filing the Renewed Motion.

Under Rule 16-1(c) of the Court's Local Rules for Criminal Practice, the moving party must meet and confer with opposing counsel in good faith prior to filing a discovery motion. "The purpose of the rule is to allow the court to understand precisely the issue to be resolved, and where the disagreements lie." *United States v. Toomer*, Case No. 2:17-cr-00193-LRH-CWH, 2018 WL 3745815, at *9 (D. Nev. Aug. 6, 2018). There is nothing before the Court demonstrating the defense met and conferred with the prosecution before filing the instant Motion to Compel. Although Defendant's failure is sufficient grounds alone to deny his Motion, the Court addresses the substance of the first three requests and finds Defendant fails to offer the factual support he must to compel the discovery he seeks. *Unites States v. Lew*, Case No. 2:17-cr-00021-JCM-GWF, 2018 WL 4215094, at *3 (D. Nev. Sept. 4, 2018). Defendant's fourth request appears to implicate *Brady v. Maryland,* 373 U.S. 83 (1963), and *Giglio v. United States,* 405 U.S. 150 (1972). Thus, this request is denied without prejudice. The parties must meet and confer regarding Defendant's fourth request and, to the extent required under the law, attempt to reach agreement on production of documents, if any.

### B.    Defendant Fails to Demonstrate his First Three Categories of Discovery are Material to his Defense.

Under the Federal Rules of Criminal Procedure a criminal defendant has the right to inspect documents, data, or tangible items within the Government's possession, custody, or control that are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E). To compel discovery in accordance with this rule, a defendant must make a "threshold showing of materiality that requires a presentation of 'facts which would tend to show the Government is in possession of information helpful to the defense.'" *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990); *see also United States v. Ward,* Case No. 4:19-CR-00101-DCN, 2021 WL 738825, at *2 (D. Idaho Feb. 25, 2021) (applying materiality to CI discovery). "Neither a general description of the information sought nor conclusory allegations of materiality suffice." *Santiago*, 46 F.3d at 894 (citing *Mandel*, 914 F.2d at 1219). In fact, a defendant must point to "specific facts, beyond allegations"; that is, a defendant cannot rely on a "general

description of the information sought." *Id*. at 895 *citing Mandel*, 914 F.2d at 1219.  The court in *Santiago* explained:

> In defense counsel's only significant attempt to show the materiality of the inmate files, counsel argued at the pre-trial hearing that because the government planned to introduce testimony of gang affiliations, he would need to know for impeachment purposes whether any inmate witnesses were linked to rival gangs, and that any evidence from prison files on affiliation would be critical.  These assertions, although not implausible, do not satisfy the requirement of specific facts, beyond allegations, relating to materiality.

*Id*. at 894-95.  *See also United States v. Liquid Sugars, Inc.*, 158 F.R.D. 466, 471 (E.D. Cal. 1994) (discovery requests that are "designed to generally cast for impeachment material, and are not directly pertinent to particular tests, are not material.  Such requests are simply speculative inquires without basis in fact to believe that the information acquired will be significantly helpful.").

Moreover, applicable here is case law holding: (1) "[a] defendant is not automatically entitled to information about other investigations or cases in which the confidential informant has provided information or has testified." *United States v. Bararia*, Case No. 2:12-cr-236-APG-GWF, 2013 WL 3353343, at *9 (D. Nev. July 2, 2013); and (2)  a "hunch" that an informant was involved in similar cases in the past is insufficient to demonstrate materiality.  *United States v. Flores*, 540 F.2d 432, 437-38 (9th Cir. 1976).  *See also Cruz v. City of Anaheim*, Case No. CV-10-03997 MMM (JEMx), 2012 WL 13001846, at *3 (C.D. Cal. Jan. 5, 2012) (citing *Flores*).

Defendant seeks information to support his entrapment defense that "has two elements: '(1) government inducement of the crime and (2) absence of predisposition on the part of the defendant' to engage in criminal conduct." *United States v. Gomez*, 6 F.4th 992, 1001 (9th Cir. 2021) (quoting *United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003)).  A review of Defendant's arguments shows he offers nothing beyond speculation and hope (a "hunch") that the broad categories of discovery he proposes would turn up evidence material to the presentation of his entrapment defense.

Defendant's first and second categories seek disclosure of all prior instances in which the CI shared information with the Government—such instances unconstrained by time or subject matter— that were not further investigated or, if investigated, did not lead to criminal charges.  ECF No. 179 at 2-3.  Defendant offers no factual support demonstrating these two categories are anything more than a search for the possibility that there might be some instances in which Hollywood may have

engaged in some conduct material to Defendant's entrapment defense or conduct that would allow for impeachment of Hollywood's account of events.  *Id*. at 5.[1]  Said slightly differently, in the absence of specific factual support, as opposed to conclusions, Defendant's first two categories seek to compel a search through Hollywood's background riding on the hope it will provide something to support the possibility that Defendant was induced to commit a crime and the absence of his predisposition to engage in such criminal conduct.  Not only are there many reasons why the Government at some point in the past may have declined to investigate a tip or pursue criminal charges, but these requests seek to conduct a fishing expedition for information that is contrary to that which Federal Rule of Criminal Procedure 16(a)(1)(E) allows.  *Cruz*, 2012 WL 13001846, at *3 (citing*, inter alia*, *United States v. Abonce–Barrera*, 257 F.3d 959, 970 (9th Cir. 2001) (rejecting a request for informant discovery because defendant "offered nothing to support his proposed fishing expedition beyond stating that it might have been useful")).

The third category fairs no better than the first two as it seeks, not only benefits Hollywood received for cooperating with the Government, but the entire history of Hollywood's demands for benefits in exchange for cooperation.  ECF No. 179 at 2.  Defendant offers pure speculation as the basis for this request when he state: "It is entirely plausible that Hollywood is a 'seasoned' criminal … [who] would intentionally seek out, or even manufacture, criminal schemes for the express purpose of … creating opportunities for cooperation," and that "[i]t may very well be that Hollywood was simultaneously framing multiple defendants in multiple firearm cases."  *Id*. at 7.  While Defendant's scenarios are not entirely "implausible," they are unsupported by "specific facts, beyond allegations" of information that could, potentially, be found in Hollywood's history of cooperation.[2] *Santiago*, 48 F.3d at 894-95.

---

[1]    Defendant concludes: (1) "until the firearms were discovered inside the safe under the direction of Hollywood" Defendant did not have the intent to commit the crime; (2) "Hollywood was the mastermind of the entire criminal scheme"; and (3) "Hollywood's failure to disclose to law enforcement his involvement in the criminal scheme creates the plausible inference that Hollywood had entrapped and induced James into committing the charged offenses."  *Id*.

[2]    Other than stating Hollywood has an "extensive criminal history," Defendant points to an assertion about photographs of firearms appearing in the Government's Report of Investigation.  ECF No. 179 at 7 *citing* ECF No. 179-3.  According to Defendant, some unidentified photo (or photos) in the Report were shared by Hollywood who claimed the photo(s) were of firearms Defendant attempted to sell.  ECF No. 179 at 7.  Defendant says that he does not recognize some of the firearms; nor were they recovered by law enforcement.  *Id*.  Defendant provides no support for his assertions; but even accepting the assertions as true, misidentification of photographs by Hollywood does not show Hollywood's

4

In sum, Defendant's first three categories of discovery are untethered to a time period and subject matter material to his defense in the instant case. *Cf. United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013) (Discovery requests were well tailored where the defendant identified the specific documents he was seeking during an identified, short, timeframe to prepare an entrapment defense). The discovery requests are nothing more than a "general description of the information sought," which is insufficient to compel production of the sweeping categories of materials identified. *Santiago*, 46 F.3d at 894 (quoting *Mandel*, 914 F.2d at 1219).

    C.    <u>The Fourth Category of Discovery Seeks Information Potentially Discoverable Under *Brady* and *Giglio*.</u>

Defendant's final discovery category seeks "any known instances in which Hollywood provided false or misleading information to law enforcement, or otherwise violated the terms of his confidential informant or cooperation agreement with law enforcement." ECF No. 179 at 2-3. When confronted with a similar request, the Eastern District of Pennsylvania found that documented prior instances where a Government witness (a CI) lied to law enforcement constituted impeachment materials that had to be disclosed to the defense under *Brady* and *Giglio*. *United States v. Jones*, Case No. CRIM.A. 09-137, 2009 WL 2986644, at *8 (E.D. Pa. Sept. 16, 2009). The court in *Jones* relied on analyses in *Carriger v. Stewart,* 132 F.3d 463, 479 (9th Cir. 1997), and *United States v. Torres,* 569 F.3d 1277, 1283 (10th Cir. 2009), when reaching its decision.

In *Carriger*, the Ninth Circuit found reversable error based on violation of *Brady* and *Giglio*, where the Government withheld information within a cooperating witness's file demonstrating a "history of lying to police and blaming [the witness's] crimes on others." 132 F.3d at 479, 480-81. In *Torres*, the Tenth Circuit found *Brady* violations undermined confidence in the trial outcome when the Government failed to disclose evidence showing the CI, whose testimony the conviction rested on, breached prior agreements with law enforcement. 569 F.3d at 1277-84.

The Court finds the reasoning and analysis advanced by the Eastern District of Pennsylvania in *Jones* persuasive. However, in *Jones*, the defendant presented a narrow inquiry seeking

---

entire history of cooperation is material to Defendant's defense. Defendant's hope and "educated guess[]" is insufficient to support materiality. *United States v. Salyer*, 271 F.R.D. 148, 158 (E.D. Cal. 2010); *Flores*, 540 F.2d at 467-68.

information from other investigations involving the CI in which he lied to investigators, authorities, or the court during the 18 month period that commenced with the conduct giving rise to the indictment and the date of the indictment itself.  2009 WL 2986644, at **5, 9.

Here, Defendant's fourth category requests "any known instances" when "Hollywood provided false or misleading information to law enforcement or otherwise violated the terms of … agreement[s] with law enforcement."  ECF No. 179 at 2-3.  This request appears to implicate rights under *Brady* and *Giglio* and, thus, should first be addressed through a meet and confer between counsel as responsive documents, if any, should be disclosed.  If this issue cannot be resolved, Defendant may bring his concerns back to Court.

**II.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendant's Renewed Motion to Compel Disclosure of Information Related to Confidential Informant (ECF No. 179) is DENIED as to the first, second, and third categories (found on page 2 of his Motion).  These overbroad categories are unsupported by specific facts and Defendant fails to demonstrate the materiality he must to warrant the production of information sought.

IT IS FURTHER ORDERED Defendant's Renewed Motion to Compel is DENIED without prejudice as to the fourth category (found on pages 2-3 of his Motion).  The parties must **promptly** meet and confer regarding whether the Government possesses information demonstrating prior instances where Hollywood lied to law enforcement.  If not resolved, further motion practice regarding this category may be pursued.

Dated this 24th day of June, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE